IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re Application of:<br><br>H.M.G., a natural person and citizen of the Republic of Austria,<br><br>        Applicant. | Civil Case No.<br>1:13-cv-02598-CAP-LTW |

### GLOCK, INC.'S, GLOCK PROFESSIONAL, INC.'S, AND CONSULTINVEST, INC.'S REPLY IN FURTHER SUPPORT OF THEIR AUGUST 15, 2016 APPEAL

Glock, Inc., Glock Professional, Inc., and Consultinvest, Inc. ("the U.S. Glock Entities"), by and through counsel, respectfully submit this reply memorandum of law in further support of their appeal from Magistrate Judge Walker's May 2, 2016 Order (Dkt. No. 75) denying their cross-motion to modify the Protective Order to preclude Paul Jannuzzo from having access to their Confidential Information ("Motion to Modify the Protective Order") and July 29, 2016 Order (Dkt. No. 79) denying their motion for reconsideration of her May 2, 2016 Order, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.

## I. ARGUMENT

### A. The U.S. Glock Entities' Appeal is Timely

Helga Glock's first argument in opposition to the U.S. Glock Entities' appeal from the denial of their Motion to Modify the Protective Order is that it is untimely. Opp'n at 4-5. As noted in the U.S. Glock Entities' appeal, Magistrate Judge Walker entered her Order denying their Motion to Modify the Protective Order on May 2, 2016. Helga Glock claims that by failing to file an appeal by May 16, 2016, the U.S. Glock Entities waived their right to obtain review of that decision. Helga Glock is incorrect.

The deadline to file an appeal of the May 2, 2016 Order was May 19, 2016.[1] On May 13, 2016, however, the U.S. Glock Entities timely filed a Motion for Reconsideration of the May 2, 2016 Order. The timely filing of a motion for reconsideration tolls the deadline to file an appeal from the order at issue. *Cf. Pippen v. Georgia-Pacific Gypsum, LLC*, 408 Fed. Appx. 299, 301 (11th Cir. 2011) (holding that the appeal from the district court's order was timely because it was filed within thirty days of the order denying a motion for reconsideration of it); *U.S. v. Kinsey*,

---

[1] The May 16, 2016 date referenced in Helga Glock's Response (Doc. No. 82 at 4) fails to account for the three extra days provided by Rule 6(d) of the Federal Rules of Civil Procedure because the May 2, 2016 Order was served by ECF pursuant to Rule 5(b)(2)(E).

2

261 Fed. Appx. 210, 211-12 (11th Cir. 2008) (noting that the filing of a motion to reconsider a district judge's order tolls the deadline to file an appeal to the court of appeals).

The cases cited in Helga Glock's response are not to the contrary; they simply do not address the relevant issue. In *Farrow v. West*, 320 F.3d 1235, 1249 n. 21 (11th Cir. 2003), plaintiff attempted to raise on appeal a decision by a magistrate judge that he had not appealed to the district judge pursuant to Rule 72. The court's holding was simply that plaintiff "waived this issue by not objecting to the magistrate judge's ruling with the district court, as he was required to do under Rule 72(a) of the Federal Rules of Civil Procedure." *Id.* In *Smith v. School Board of Orange County*, 487 F.3d 1361, 1366 (11th Cir. 2007), plaintiff sought to challenge a magistrate judge's September 15, 2006 Order in the court of appeals, without ever having filed objections to it with the district judge as required by Rule 72. Plaintiff, however, had filed an untimely motion for reconsideration with the magistrate judge on October 23, 2006, more than thirty days after the order at issue had been rendered. *Id.* The court of appeals simply held that to the extent the plaintiff's "motion for reconsideration can be construed as an objection to the magistrate's September 15 order," so as to satisfy the requirements of Rule 72, it was untimely. *Id.*

3

In the present case, the U.S. Glock Entities filed their Motion for Reconsideration of the May 2, 2016 Order on May 13, 2016. This is not only within the twenty-eight day deadline for filing motions to reconsider, it is also within the fourteen day deadline to file an appeal pursuant to Rule 72. Because the U.S. Glock Entities timely moved for reconsideration of the May 2, 2016 Order, and timely filed this appeal from the July 29, 2016 Order denying their motion for reconsideration, all of the issues to which they objected in Magistrate Judge Walker's May 2, 2016 and July 29, 2016 Orders are properly before this Court.

### B. Magistrate Judge Walker's Orders are Clearly Erroneous and Contrary to Law

Magistrate Judge Walker's Orders denying the U.S. Glock Entities' Motion to Modify the Protective Order are clearly erroneous and contrary to law. Helga Glock correctly notes that the language in Paragraph 11 of the Protective Order — that "'[n]othing in this Order shall prejudice any party for seeking amendments hereto further restricting the rights of access to and use of Confidential information and other modifications'" — "establishes only that the parties are not changing – not raising, but also not lowering – the standard for protective order modification. Opp'n at 7 (quoting Protective Order (Doc. No. 29 ¶ 11)). But that is not what Magistrate Judge Walker held.

4

Magistrate Judge Walker specifically denied the U.S. Glock Entities' Motion to Modify the Protective Order on the basis that they had not raised the arguments about why Paul Jannuzzo should be barred from having access to their Confidential Information when they originally negotiated the terms of the Protective Order back in 2013:

> Finally, and importantly, the Protective Order in this case was negotiated and entered well after the criminal proceedings against Mr. Jannuzzo were terminated, and the Glock Entities appear to have made no effort to exclude access by him or the other employee accused of conspiring with him (or any other specific person) to Confidential information produced in this action. (See Docs 22, 22-1, 22-2). Indeed, Mr. Jannuzzo's conviction was reversed based upon certain Glock-related entities knowledge of his purported wrongdoing for several years. Jannuzzo, 322 Ga. App. at 760, 746 S.E.2d at 239. As a result, the Glock Entities cannot now argue the risks associated with access by Mr. Jannuzzo as it relates to the U.S. RICO Action have only arisen after the Protective Order was negotiated and entered. For all these reasons, the Glock Entities' request to modify the Protective Order to restrict Mr. Jannuzzo or any specific individual from ever accessing Confidential information in relation to the U.S. RICO Action is **DENIED**.

May 2, 2016 Order at 15-16 (footnotes omitted). The primary reason on which she denied the motion for reconsideration was that the U.S. Glock Entities "could have argued that the Protective Order should be modified to preclude access to Confidential Information to individuals working for direct competitors when they sought modification of the Protective Order; however, they did not." July 29, 2016 Order at 10. Yet it is clear that if Paul Jannuzzo was working as the Chief Operating

5

Officer ("COO") of SCCY Industries LLC, a direct competitor of Glock, Inc., at the time the U.S. Glock Entities first filed their Motion to Modify the Protective Order, that Magistrate Judge Walker would still have denied that motion. She would have done so on the basis that they could have requested a provision barring access to Confidential Information by persons employed by direct competitors when they were negotiating the terms of the Protective Order back in 2013.

As the U.S. Glock Entities argued in their appeal, (Doc. No. 81 at 20), there is nothing in Magistrate Judge Walker's Orders indicating that it would be improper to have specifically excluded Paul Jannuzzo, or persons employed by direct competitors, from having access to their Confidential Information if such a provision had been requested when the Protective Order was first entered in 2013. In her Response, Helga Glock similarly does not claim that such a provision would not have been proper if the U.S. Glock Entities had the ability to predict the future and requested it in the Protective Order. There was no reason for them to have done so back in 2013, however, because they were negotiating terms of a protective order to cover the use of their Confidential Information solely in four specified Austrian proceedings related to the divorce between Helga Glock and Gaston Glock.

There can be no debate that it would have been necessary and proper to specifically exclude access to the U.S. Glock Entities' Confidential Information by

Paul Jannuzzo if such a provision had been requested back in 2013 for two reasons. First, he had been convicted by a jury of theft by conversion and violation of Georgia's RICO statute for stealing from Glock, Inc. (while serving as its General Counsel), with his conviction overturned solely on statute of limitations grounds. Second, he is now employed as the COO of a direct competitor.  Either one of these reasons alone is sufficient to specifically exclude Paul Jannuzzo from having access to the U.S. Glock Entities' Confidential Information.  This Court has continuing jurisdiction, as specifically agreed to by the parties, to modify the Protective Order if new issues arise that were not, and could not have been, anticipated at the time it was being negotiated and are not adequately addressed by its original terms. Magistrate Judge Walker denied the U.S. Glock Entities' Motion to Modify the Protective Order on the basis that they did not request such a provision back in 2013, when it was not even an issue.   Her Orders are therefore clearly erroneous and contrary to law because they negate the provision allowing the Protective Order to be modified.

    The U.S. Glock Entities requested that Paul Jannuzzo be specifically barred from having access to their Confidential Information as soon as it became an issue. There is no basis to require the Protective Order to be violated before it can be modified to prevent a potential violation from even occurring.  Magistrate Judge

Walker's holding to the contrary (May 2, 2016 Order at 13-14; July 29, 2016 Order at 10) is a second reason why her Orders are clearly erroneous and contrary to law. Given Paul Jannuzzo's criminal history and present employment as a high-ranking officer of a direct competitor, the U.S. Glock Entities should not be required to rely on his certification that he will not use or disclose their Confidential Information in violation of the terms of the Protective Order.

>  **C.     Modifying the Protective Order to Preclude Paul Jannuzzo from Having Access to the U.S. Glock Entities' Confidential Information Would Not Infringe Judge Thrash's Management of Helga Glock's U.S. RICO Action or the Jannuzzo Action**

In a last ditch and weak effort to support Magistrate Judge Walker's Orders, Helga Glock claims that prohibiting Paul Jannuzzo from having access to the U.S. Glock Entities' Confidential Information would somehow infringe Judge Thrash's management of her U.S. RICO Action and the Jannuzzo Action. Opp'n at 9-10. This argument is specious.

Through their Motion to Modify the Protective Order, the U.S. Glock Entities seek to prohibit Paul Jannuzzo from having access to the Confidential Information they produced to Helga Glock in this proceeding. At present, the only manner in which Paul Jannuzzo could obtain access to the Confidential Information the U.S. Glock Entities produced in this proceeding is pursuant to the terms of the Protective Order. Based on the Protective Order, the U.S. Glock Entities' Confidential

Information is already explicitly "off limits" to Paul Jannuzzo — or anyone else — in connection with the Jannuzzo Action because Helga Glock is not a party to it and it is not one of the six authorized proceedings. The Protective Order allows the U.S. Glock Entities' Confidential Information to be used in connection with Helga Glock's U.S. RICO Action. It is this Court that issued the Protective Order and therefore has continuing jurisdiction and control over the use of the U.S. Glock Entities' Confidential Information in Helga Glock's U.S. RICO Action at this time — not Judge Thrash.

Helga Glock has already used the U.S. Glock Entities' Confidential Information to draft her second amended complaint ("SAC") in her U.S. RICO Action, which was filed under seal. That case is still in the pleadings stage and the subject of motions to dismiss the entire SAC. If the Helga Glock's U.S. RICO Action ever proceeds to discovery, it will be governed by Judge Thrash. Granting the U.S. Glock Entities' Motion to Modify the Protective Order would not usurp Judge Thrash's authority to manage any potential discovery in Helga Glock's U.S. RICO Action. Rather it would ensure that Judge Thrash — as opposed to Helga Glock and her counsel — would control whether Paul Jannuzzo could have access to the U.S. Glock Entities' Confidential Information in connection with that case. At present, however, only this Court can prevent the irreparable harm that would be

caused by Paul Jannuzzo having access to the U.S. Glock Entities' Confidential Information.[2]

## II. **CONCLUSION**

For the above reasons, the U.S. Glock Entities respectfully request that this Court sustain their objections pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, reverse Magistrate Judge Walker's May 2, 2016 and July 29, 2016 Orders denying their Motion to Modify the Protective Order, modify the Protective Order to specifically prohibit Paul Jannuzzo from having access to their Confidential Information under any circumstances, and grant such other relief as it deems just and proper.

Dated: Atlanta, Georgia
September 15, 2016

                      Respectfully submitted,

                By:   */s/ Christopher E. Parker*
                     Christopher E. Parker
                     Georgia Bar No. 562152

---

2 These highly confidential documents include federal and state tax returns, detailed income statements, balance sheets, and complete general ledgers for the period from 2008 through 2013.  Glock, Inc.'s general ledger contains information on all of the customers to which it sells pistols, and the quantities and prices for which it sells pistols to those customers.  It also contains detailed information on the vendors from which it purchases components, including the prices it pays for those components, its employees and the salaries that it pays them, the amounts that it spends on marketing and advertising, etc.

Michael P. Kohler
Georgia Bar No. 427727
**MILLER & MARTIN, PLLC**
1170 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
Telephone: (404) 962-6100
Facsimile:  (404) 962-6300

– and –

John F. Renzulli (*pro hac vice*)
Scott C. Allan (*pro hac vice*)
**RENZULLI LAW FIRM, LLP**
81 Main Street, Suite 508
White Plains, NY 10601
Telephone: (914) 285-0700
Facsimile:  (914) 285-1213

Attorneys for Glock, Inc., Glock Professional, Inc.
and Consultinvest, Inc.

## **CERTIFICATE OF COMPLIANCE WITH LR 7.1(D)**

I certify that the foregoing Reply Memorandum of Law in Further Support of the U.S. Glock Entities' Rule 72(a) Appeal from Magistrate Judge Walker's May 2, 2016 and July 29, 2016 Orders denying the U.S. Glock Entities' Motion to Modify the Protective Order has been prepared using Times New Roman 14 point font, one of the approved font and point selections specified in LR 5.1(C), NDGa.

*/s/ Christopher E. Parker*
Christopher E. Parker
Georgia Bar No. 562152
**MILLER & MARTIN, PLLC**
1170 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
Telephone: (404) 962-6100
Facsimile:  (404) 962-6300

Attorneys for Glock, Inc., Glock Professional, Inc. and Consultinvest, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2016, I electronically filed the U.S. Glock Entities' Reply Memorandum of Law in Further Support of their Rule 72(a) Appeal from Magistrate Judge Walker's May 2, 2016 and July 29, 2016 Orders denying their Motion to Modify the Protective Order with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Andrew B. Flake, Esq.
> Edward A. Marshall, Esq.
> Jennifer L. Shelfer, Esq.
> Arnall Golden Gregory LLP
> 171 17th Street NW, Suite 2100
> Atlanta, GA 30363

> */s/ Christopher E. Parker*
> Christopher E. Parker
> Georgia Bar No. 562152
> **MILLER & MARTIN, PLLC**
> 1170 Peachtree Street, N.E., Suite 800
> Atlanta, GA 30309
> Telephone: (404) 962-6100
> Facsimile:  (404) 962-6300
>
> Attorneys for Glock, Inc., Glock Professional, Inc. and Consultinvest, Inc.